HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY R. McCARTY, and SHERYL McCARTY,<br><br>                Plaintiffs,<br><br>    v.<br><br>U.S. BANK, N.A. et al.,<br><br>                Defendants. | No.  11-cv-5078 RBL<br><br>ORDER DENYING MOTION TO AMEND AND MOTION TO COMPEL<br><br>[Dkts. #35, 36] |

Plaintiffs are suing in the wake of the foreclosure of their property, alleging violations of state and federal statutes.  Here, Plaintiffs move to amend their Complaint to add violations of the Washington Deed of Trust Act as well as a constitutional claim under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  (*See* Pls.' Mot. to Amend at 1.)  Further, Plaintiffs move to compel discovery of a pooling and servicing agreement for the trust into which their mortgage was securitized.  For the reasons stated below, the motions are denied.

                **I.     MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a) provides that a party may amend once "as a matter of course" within twenty-one days after the pleading is served if no responsive pleading is allowed, or twenty-one days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A district court is, however, within its discretion to deny leave to amend where amendments are futile, would cause

undue prejudice, or when amendment is sought in bad faith. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (citation omitted).

Here, Plaintiffs seek leave to amend the Complaint stating that "Defendant violated the deed of trust in not reconveying title as deed of trust was satisfied by sale of note by original lender." (Pls.' Mot. to Amend at 1.) In support, Plaintiffs stated only that "[a]dditional evidence has come to light." Further, Plaintiffs intend to add civil rights claims based on Defendants' "filing an unlawful detainer in state court while wrongful foreclosure and quite [sic] title being adjudicated in federal court." *Id.*

The Court must find the proposed amendments futile. The first lacks any factual support and cannot meet the *Iqbal* pleading threshold. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("A complaint must allege facts to state a claim for relief that is plausible on its face." *Id.* at 1949.). Further, the claim lacks merit on its face. Sale of a promissory note quite simply does not "satisfy" a deed of trust as a matter of law. Quite the opposite. *See In re Jacobsen*, 402 B.R. 359, 367 ("Transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."); *see also Carpenter v. Longan*, 83 U.S. 271, 275 (1872)); *Fidelity & Deposit Co. of Maryland v. Ticor Title Ins. Co.*, 88 Wash. App. 64, 68–69 (1997) (noting "the maxim that the mortgage follows the debt").

As to the second proposed amendment, Plaintiffs cannot state a constitutional claim on the grounds that Defendant filed an unlawful detainer action. Plaintiffs provide no facts and cite no law suggesting such a claim is tenable. If the unlawful detainer action lacks merit, the state courts will so decide.

## II.     MOTION TO COMPEL

Under Federal Rule 26, governing the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  A court may however, grant a protective order for "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Plaintiffs request an order compelling Defendants to produce a pooling and service agreement relating to their mortgage in its entirety.  Plaintiffs, however, fail to explain how the pooling and servicing agreement relates to or would lead to the discovery of admissible evidence.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** the motion to amend (Dkt. #35) and the motion to compel (Dkt. #36).

Dated this 5th day of April 2012.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE