HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY R. MCCARTY AND SHERYL MCCARTY, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, N.A, et al., <br><br> Defendants. | No.  11-cv-5078 RBL <br><br> ORDER <br><br> [Dkt. #44] |

Defendants have moved to dismiss what has become a routine case: the foreclosure-jamming complaint.  Plaintiffs have filed a form complaint alleging violations of every conceivable (and a few inconceivable) mortgage-related causes-of-action.  (*See* Am. Compl., Dkt. #22.)  While the Court is sensitive to the economic hardships suffered by so many in the wake of the real-estate bubble, disingenuous litigation is not the appropriate method of resolution.  Like so many of these cases plaguing the federal and state dockets, the Complaint lacks any sort of factual allegations, and for that reason, is properly dismissed.

## I.   BACKGROUND

In February 2006, Plaintiffs borrowed $311,000 from PrimeLending to purchase residential property, executing both a promissory note and deed of trust in the process.  (Decl. of Albert Lin, Exs. 1 & 2 (Note and Deed, respectively).)  The Note was sold and securitized as part of the Chevy Chase Funding LLC Mortgage-Backed Certificates Series 2006-2, serviced by U.S.

Bank, N.A., as trustee. *Id.*, Ex. 4. Additionally, the Deed listed MERS as nominee for the lender and the lender's assigns. *Id.*, Ex. 2.

In August 2010, Plaintiffs defaulted on the loan, a fact they do not dispute. MERS subsequently assigned the Deed to U.S. Bank (as trustee for the Note-holder, Chevy Chase Funding LLC). *Id.*, Ex. 4. U.S. Bank appointed Quality Loan Service as trustee, and Quality commenced the foreclosure process. *Id.*, Ex. 5 ("Appointment of Successor Trustee").

Plaintiffs filed suit presenting the following claims:
- Negligence;
- Fraud;
- Wrongful Foreclosure;
- Breach of Contract;
- Breach of Implied Covenant of Good Faith and Fair Dealing;
- Unjust Enrichment;
- Violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86;
- Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*;
- Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*;
- Unspecified civil rights and constitutional violations.

(*See generally* Am. Compl.) The factual allegations appear based on the proposition that the Note became void when securitized. *Id.* ¶ 37 ("Since a Promissory Note is only enforceable in its entirety and thousands of shareholders own the subject Note, **NO ONE** of them can foreclose on Plaintiffs Home."); ¶ 82 ("It is my understanding and belief that the alleged debt has already been paid in full due to the fact that alleged loan has been securitized."). The allegations conclude with a smattering of generalized grievances lodged against Mortgage Electronic Systems, Inc. ("MERS") and Quality Loan.

## II.     DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts,

conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Here, Plaintiffs' claims lack factual and legal merit, and the Court will confront them *en masse*. First, Plaintiffs offer no legal support for their primary claim: that the securitization of a promissory note voids the instrument. Their claims for fraud, negligence, wrongful foreclosure, breach of contract, etc., rest entirely on this faulty belief. Second, courts of this district have repeatedly dismissed the type of generalized MERS-grievances found in the Amended Complaint. Plaintiffs agreed in their Deed that MERS would serve as "the nominee for Lender and Lender's successors and assigns." The Washington Deed of Trust Act states that "parties may insert in [a] mortgage any lawful agreement or condition," including the agreement that MERS serve as an agent. Wash. Rev. Code § 61.12.020; *see also Salmon v. Bank of Am. Corp.*, 2011 WL 2174554, at *8 (E.D. Wash. 2011) (finding no issue where deed of trust expressly allowed for MERS to serve as nominee); *Klinger v. Wells Fargo Bank, N.A.*, 2010 WL 5138478, at *7 (W.D. Wash. Dec. 9, 2010) (dismissing argument that MERS assignment is invalid); *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102486 (W.D. Wash. 2010 (same); *Vawter v. Quality Loan Service Corp.*, 707 F. Supp. 2d 1115, 1125–26 (W.D. Wash. 2010) (same). The Ninth Circuit too has expressly rejected Plaintiffs' assertion: "[T]he disclosures in the deed indicate that MERS is acting 'solely as nominee for Lender and Lender's successors and assigns.' . . . By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). Moreover, MERS took no direct action against Plaintiffs.

In short, Plaintiffs have failed to meet the basic pleading requirements under *Iqbal* and *Twombly*, and their Complaint must therefore be dismissed.

### III.   AMENDMENT

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).  On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The essential facts are not in dispute in this case, and Plaintiffs have already once amended their Complaint; thus, the Court denies leave to amend.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss (Dkt. #44).

Dated this 16TH day of May 2012.

Ronald B. Leighton
United States District Judge